UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF APPLICATION OF ) <br> THE UNITED STATES OF AMERICA FOR ) <br> AUTHORIZATION TO OBTAIN ) <br> HISTORICAL RECORDS CONTAINING ) <br> CELL SITE INFORMATION ) <br> CONCERNING THE TARGET MOBILE ) <br> PHONE BEARING AT&T MOBILE ) <br> PHONE NUMBER 443-789-9507 ) <br> ) | **19 - 2 4 5 1 JMC** <br> Docket No. _____ <br><br> **FILED UNDER SEAL** |

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Special Agent Sean Wilson, being duly sworn, depose and state that:

### INTRODUCTION

1.   I am a Special Agent with the United States Capitol Police (the "USCP") where I have served since January 5, 2005. I am currently assigned to the USCP Investigations Division, Threat Assessment Section ("USCP TAS"). I have completed hundreds of hours of training in numerous areas of law enforcement investigation and techniques, including but not limited to the following: the Criminal Investigator Training Program and the Mixed Basic Police Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia; the USCP Containment Emergency Response Team Four Week Basic SWAT School; the Pentagon Force Protection Agency One Week Protective Intelligence Course; and the Metropolitan Police Department Crisis Intervention Officer Training Course. In the course of my employment as a Special Agent with the USCP, I have received training regarding the application for and execution of both search and arrest warrants. I have received training in assessing and managing individuals who have communicated threats and engaged in behaviors associated with targeted violence. In my current assignment, I have participated in and conducted numerous investigations involving illegal activity including stalking and threatening communications, both locally and interstate. As

a federal law enforcement officer, I am authorized to execute search and seizure warrants under Rule 41 of the Federal Rules of Criminal Procedure.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for issuance of the Application and requested warrant and does not set forth all of my knowledge about this matter.

## PURPOSE OF AFFIDAVIT

3. I submit this affidavit in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 2703(c)(1)(A), for historical information about the location of a cellular telephone ("Target Mobile Phone") bearing AT&T mobile phone number **443-789-9507**, subscribed in the name of Darryl Albert Varnum, with IMEI 3532620796897932, on June 26, 2019. The Target Mobile Phone is described in Attachment A. The Target Mobile Phone is believed to have been used to make threatening communications in violation of 18 U.S.C. § 875(c).

## PROBABLE CAUSE

4. On June 26, 2019, at approximately 7:23 PM EDT, a male person believed to be VARNUM, using phone number 443-789-9507, left a voicemail at the district office of United States Congressperson #1, which is located in the State of Florida. The voicemail, which was subsequently reported to USCP TAS on June 28, 2019, consisted of the following:

> I'm gonna kill your ass if you do that bill. I swear. I will fucking come down and kill your fucking ass. And you're a Congressperson, that is fine. I hope the fucking FBI, CIA, and everybody else hears this shit. If you're taking away my rights. This is the United States of America, bitch. Get the fuck out. I will come down there and personally fucking kill you. I am dead fucking serious. I wanna see you motherfuckers at my door, if you're legit. That HR bill you just pushed through, ah fuck you. I'll tell you what I'll come down to Miami bitch. I'll fuck you up. Like Cubans don't even know.

2

5. An online database search of the number 443-789-9507 revealed that the current cellular carrier for that number is AT&T and that the associated user is VARNUM.

6. AT&T subscriber records, which were provided by AT&T following an emergency disclosure request made pursuant to 18 U.S.C. 2702(c)(4) for the phone number 443-789-9507, showed VARNUM to be the sole account user with a billing address of 313 Barnes Ave, Westminster, Maryland 21157.

7. Records provided by AT&T also identified that the telephone registered to the account is an Apple iPhone 6S, IMEI 3532620796897932.

8. On July 8, 2019, I arrested VARNUM pursuant to a warrant issued on a Criminal Complaint authorized by United States Magistrate Judge J. Mark Coulson, charging VARNUM with threating a federal official in violation of 8 U.S.C. § 115(a)(2)(B). After being advised of his rights, VARNUM voluntarily waived those rights and agreed to an interview. In the interview, among other things, VARNUM admitted that it was his voice on the voice mail recording, but claimed to not remember saying those words. VARNUM confirmed that the phone number 443-789-9507 is his cell phone number. VARNUM confirmed that his home is 313 Barnes Ave, Westminster, MD. VARNUM stated that he drove to Ft. Meade, MD on June 25, 2019 and to Columbia, MD on June 27, 2019. VARNUM stated that he was working at home on June 26, 2019 and stated that he might have mowed his lawn that day.

9. On July 8, 2019, the Target Mobile Phone was seized from VARNUM's residence pursuant to a Search Warrant authorized by United States Magistrate Judge J. Mark Coulson. On July 23, 2019, I received an Extraction Report which detailed the findings of the forensic examination of the Target Mobile Phone. The phone's call log shows an outgoing call on June 26,

2019 at 7:24 PM, which lasted approximately 3 minutes, to the phone number for United States Congressperson #1's district office which is located in the state of Florida.

10. Based on my training and experience, and for all the reasons set forth herein, probable cause exists to believe that the information described in Attachment B will establish that VARNUM used the Target Mobile Telephone while in the District of Maryland to place the threatening call to the office of Congressperson #1 in Florida on June 26, 2019, in violation of 18 U.S.C. § 875(c).

## APPLICABLE CELLULAR TECHNOLOGY

11. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

12. I know that mobile phone providers have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the mobile phones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the mobile phone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the mobile telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone

connected. These towers are often a half-mile or more apart, even in urban areas, and can be ten or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

13. The execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

**AUTHORIZATION REQUEST**

14. Based on the foregoing, I believe there is probable cause to believe that the Target Mobile Phone was used by VARNUM to place the telephone call to the office of Congressperson #1 in Florida on June 26, 2019. I further believe there is probable cause that the location information described in Attachment B will further the investigation by establishing whether the threatening telephone call was transmitted in interstate commerce.

15. I request that the Court issue the proposed search warrant, pursuant to Title 18 United States Code, Section 2703(c) and Federal Rule of Criminal Procedure 41.

Sean Wilson, Special Agent
U.S. Capitol Police

Sworn before me this 24 day of July 2019.

HONORABLE MARK COULSON
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to records and location information associated with the cellular telephone assigned call number **(443) 789-9507**, with service provided by AT&T, subscribed to by Darryl Albert VARNUM at address 313 Barnes Avenue, Westminster, Maryland 21157 (**Target Mobil Phone**), that is within the possession, custody, or control of AT&T, a wireless telephone service provider that accepts service of process at AT&T, North Palm Beach, Florida.

_____ FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

AUG 0 6 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                    DEPUTY

## ATTACHMENT B

**Particular Things to be Seized**

I. **Information to be Disclosed by AT&T**

To the extent that the information described in Attachment A is within the possession, custody, or control of AT&T, including any information that has been deleted but is still available to AT&T or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), AT&T is required to disclose to the government the following information pertaining to the Account listed in Attachment A for **June 26, 2019**:

   a. The following information about the customers or subscribers of the Account:
      i. Names (including subscriber names, user names, and screen names);
      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
      iii. Local and long distance telephone connection records;
      iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
      v. Length of service (including start date) and types of service utilized;
      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.
   b. All records and other information (not including the contents of communications)

**19 - 2 4 5 1 JMC**

relating to wire and electronic communications sent or received by the Account, including:

  i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

  ii. information regarding the cell towers and sectors through which the communications were sent and received.

**II.  Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 875(c) involving Darryl Albert VARNUM on June 26, 2019

___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

AUG 0 6 2019

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY